## HASLINGHUIS et al. v. P. HARRINGTON SONS.

(District Court, New Hampshire, November 29, 1916.)

### No. 79.

1. TRADE-MARKS AND TRADE-NAMES ☞60—INFRINGEMENT OF TRADE-MARK—IMITATION OF LABEL.

A label, the size, shape, and general appearance of which, combined with the appearance of the bottle on which it was placed, are strikingly like the trade-mark placed on a well-advertised article, so as to justify a finding that it was adopted for the purpose of leading the public to believe it was buying the well-advertised article, is an infringement, notwithstanding changes in the name thereof.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 73, 74; Dec. Dig. ☞60.]

2. TRADE-MARKS AND TRADE-NAMES ☞98—DAMAGES—REFERENCE TO MASTER.

Where the proofs in a suit for injunction to restrain the infringement of a copyrighted trade-mark showed only one sale of the infringing article

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and the possession of other of such articles on defendants' shelves, the court will not exercise its discretion to send the case to a master, but will take the account itself, especially where reference to the master was urged by plaintiffs, so that they might enter upon an examination of defendants' business.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 112; Dec. Dig. ☜98.]

In Equity. Suit by Jacob Johannes Haslinghuis and others against P. Harrington Sons for injunction to restrain infringement of a trade-mark and an accounting. Injunction granted, and accounting before the court awarded.

Macleod, Calver, Copeland & Dike, of Boston, Mass., for plaintiffs.
P. H. Sullivan, of Manchester, N. H., for defendants.

ALDRICH, District Judge. I think the proofs in this case are such as to justify a decree for an injunction and for ordinary damages, but I see nothing to justify triple damages.

[1] The plaintiffs' trade-marks are shown by a certain heart-shaped label used for the sale of their gin, known as the "Genuine Holland's Geneva." It is a label of long standing and use, and has been several times copyrighted for the protection of the plaintiffs' trade. There is no occasion for particularly describing it, because a copy is attached to the bill of complaint.

The size, shape, form, and general appearance of the defendants' label, combined with the size, shape, and dress of their bottle, are well calculated to mislead the casual buyer and such as do not carefully read into thinking that they are getting the plaintiffs' "Geneva Gin," which has been a long time upon the markets, and advertised through the instrumentality of their copyrighted trade-mark, and I do not think the detailed dissimilarities claimed by the defendants in respect to names only are a sufficient answer to the claim of the plaintiffs that the defendants' bottle and label are in similitude with theirs. The two labels are strikingly alike in their general appearance, and so much so as to justify a finding that the defendants adopted the plaintiffs' label, making detailed changes in the name only, and the shape, size, and dress of the plaintiffs' bottle, for the purpose of leading members of the public into buying the Harrington gin, thinking it was the plaintiffs' Geneva Holland gin.

[2] Now, as to the other branch of the case, in which the plaintiffs claim that the defendants are in unfair competition. In view of what has already been found as to infringement, it would follow, of course, that the defendants are in unfair competition to the extent that the proofs show that they were in trade using the label complained of.

The proofs, however, are limited to one sale of five bottles, and that there were other bottles on the shelves bearing the plaintiffs' label, and bottles bearing the defendants' label.

It results from the foregoing findings that the plaintiffs are entitled to an injunction and an accounting, and it apparently matters little whether the accounting under the proofs comes under the finding of infringement or that of unfair competition. If the accounting is to be under infringement, including the one sale, it would be based upon

damages resulting from such sale, and while the one sale and the circumstances in the case may quite likely sustain the claim of unfair competition to the extent of the proofs, it does not necessarily follow that the case would be sent to a master for an accounting. For aught that appears in this case, there may have been only one sale, and the bottles with the different labels may have been placed on the shelves on the day of the sale. If the damages under either theory of the plaintiffs' case are to be ascertained from the proofs, it could be easily done by the court, because the question of accounting would be very narrow and very simple, and while I have no question of the authority of the court in a case of this kind to appoint a master, I doubt as to the wisdom of doing that, particularly in view of the fact that the plaintiffs urge it in order that they may enter upon an examination of the defendants' business. While not doubting the power to do it, the power is exercised under discretion, and it does not seem justifiable to exercise such discretion under the circumstances of this case and upon proof of a single sale.

The plaintiffs may have an injunction against the defendants' using the heart-shaped label in similitude to that of the plaintiffs, and an accounting before me on the question of damages, and the inquiry will be limited to the sale proven, unless the plaintiffs make out a case for inquiry in respect to further damages.